E-FILED
Thursday, 06 April, 2023  04:11:26 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| GLENDA CLARK,<br>        Plaintiff, | |
| v. | Case No. 1:22-cv-01405-SLD-JEH |
| DEERE & COMPANY,<br>        Defendant. | |

**Order**

Now before the Court is the Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 14) and the Defendant's Opposition to Plaintiff's Motion to File First Amended Complaint (Doc. 16).  For the reasons set forth below, the Plaintiff's Motion is granted.

**I**

On November 22, 2022, Plaintiff Glenda Clark filed her Complaint and Demand for Jury Trial (Doc. 1) against Defendant John Deere[1] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Illinois Human Rights Act (IHRA), 775 ILCS 5/2-101, *et seq.*  Specifically, the Plaintiff alleged that the Defendant discriminated against her on the basis of race when it disqualified her from an assembler position on or around June 27, 2019, and the Defendant retaliated against her by refusing to reinstate her to that assembler position on or around January 12, 2021.  The Plaintiff attached as an exhibit the

---

[1] The Plaintiff originally identified the Defendant this way.  In its filings, the Defendant identifies itself as Deere & Company.  The Plaintiff's proposed First Amended Complaint accordingly identifies the Defendant as Deere & Company.

1

Illinois Department of Human Rights' August 25, 2022 order of closure of the Plaintiff's charges of discrimination (based on race) and retaliation.

On January 23, 2023, the Defendant filed a Motion to Dismiss Plaintiff's Complaint (Doc. 8) challenging the timeliness of the Plaintiff's race discrimination and retaliation claims.  On February 27, 2023, the Plaintiff filed the instant Motion to amend her complaint and attached the proposed First Amended Complaint which contains one count for unlawful retaliation in violation of Title VII and one count for unlawful retaliation in violation of the IHRA.  The proposed First Amended Complaint again alleges that the Plaintiff was disqualified from her assembler position on or around June 27, 2019 though similarly situated non-Black assemblers were not disqualified; on or around June 27, 2019, the Plaintiff filed a Step 1 grievance requesting she be reinstated to her assembler position; on or around July 31, 2019, the Plaintiff filed a Step 2 grievance; on or around June 24, 2020 the Plaintiff filed a Step 3 grievance which specifically alleged racial discrimination.  The proposed First Amended Complaint adds that at Step 3, the Defendant agreed to remove the disqualification and allow the Plaintiff to bid on another assembly job (the "Grievance Settlement"); notwithstanding the supposed resolution of the Step 3 grievance, the Plaintiff's supervisor refused to implement the resolution of the grievance and refused to allow the Plaintiff to bid on another assembly job; and the refusal to implement the resolution of the grievance and to allow the Plaintiff to bid for another assembly position was made in retaliation for her filing a grievance alleging racial discrimination.

## II

Federal Rule of Civil Procedure 15(a)(2) provides in relevant part that the Court should freely give leave to a party to amend its pleading "when justice so requires."  FED. R. CIV. P. 15(a)(2).  However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted). The Defendant argues the Plaintiff's Motion to amend should be denied because her proposed amendment is futile. An amendment is futile when the new pleading would not survive a motion to dismiss. *Gandhi v. Sitra Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

## A

Having attached the underlying November 7, 2022 "Grievance Settlement" between the Plaintiff's Union and the Defendant and the underlying April 2, 2021 and October 4, 2021 Charges of Discrimination, the Defendant first argues that the proposed First Amended Complaint cannot survive a motion to dismiss because the Plaintiff failed to exhaust administrative remedies. "[A] plaintiff filing suit in federal court may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Specifically, here, the Defendant argues the underlying Charges neither referenced the Plaintiff's supervisor nor her alleged refusal to implement the Grievance Settlement, and, thus, the Plaintiff cannot pursue her retaliation claims.

The Court remains mindful that Federal Rule of Civil Procedure 15(a)(2) sets forth a "*liberal* standard for amending pleadings." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (emphasis added); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (Rule 15(a)'s declaration that leave to amend "shall be freely given when justice so requires" is a "mandate to be heeded"). If the Court were to fully entertain the Defendant's arguments at this time - via a motion to amend a complaint pursuant to Rule 15(a)(2) – the liberal standard for the amendment of pleadings plainly set forth in Rule 15(a)(2) would be abrogated. This is clearly so given the Defendant's attachment of additional

documents as well as the Seventh Circuit body of law pertaining to the requirement that administrative remedies first be exhausted. *See, e.g., Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018) ("We regard a theory raised in court to fall within the scope of an administrative complaint if it is reasonably related to the charges actually set forth in the administrative filing") (internal citation omitted); *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ("a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint"); *Kristufek v. Hussmann Foodservice Co., Toastmaster Div.*, 985 F.2d 364, 368 (7th Cir. 1993) (observing that the "factual relationship of the age and discrimination charges of the parties is so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the ["reasonably related and growing out of"] rule would subvert the liberal remedial purposes of the [Age Discrimination in Employment Act]").  Resolution of the administrative exhaustion question in this case is not as straightforward as the Defendant insists, and thus is better suited for consideration via more robust briefing (i.e., a motion to dismiss and response thereto).

## B

The Court similarly finds the Defendant's second argument – that the proposed retaliation claim under the IHRA cannot withstand a motion to dismiss because it is preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a)[2] – is inappropriate for resolution via the Plaintiff's Motion to amend her Complaint.  Indeed, "A district court need not allow the

---

[2] Section 301 provides in relevant part:  "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

filing of an amended complaint . . .  if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008).  While the Defendant attempts to seamlessly argue that there is only one way to look at the Plaintiff's IHRA retaliation claim such that it is preempted by the LMRA, the Seventh Circuit Court of Appeals has said that "to determine whether a purported state-law claim 'really' arises under Section 301, a federal court must look beyond the face of plaintiff's allegations and the labels used to describe her claims and evaluate the *substance* of plaintiff's claims." *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013) (emphasis in original and internal quotation omitted).  Also, a court in the Northern District of Illinois observed recently, "Numerous courts in other districts around the country have concluded that claims under various state human rights acts are not preempted by Section 301." *Robinson v. Rainbow Beach QOC, LLC*, No. 21 C 5548, 2022 WL 1803376, at *4 (N.D. Ill. June 2, 2022).  Thus, it is *not* clear that the proposed amended complaint is deficient and would not survive a motion to dismiss.

### III

For the reasons set forth above, the Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 14) is GRANTED.  The Clerk is directed to file the proposed First Amended Complaint and Demand for Jury Trial (Doc. 14-1).  The Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 8) is MOOT.  The Defendant is directed to file its answer or other responsive pleading to the First Amended Complaint by April 20, 2023.

*It is so ordered.*

Entered on April 6, 2023.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

5